**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| REGINALD KELLY, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| DONALD BARROW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:13-CV-4090-WSD-JFK |

**MAGISTRATE JUDGE'S FINAL**
**REPORT AND RECOMMENDATION**

Petitioner, Reginald Kelly, challenges on speedy trial grounds via 28 U.S.C. § 2254 his 2013 Newton County convictions, Newton County criminal case number 08-CR-2176.  (See Doc. No. 1, Br. at 1-2 and Exs.).  Petitioner has not paid the $5.00 filing fee, and for the purpose of dismissal, Petitioner is **GRANTED** *in forma pauperis* status.  The matter is before the Court for review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

**I.   Discussion**

In Kelly v. Brown, No. 1:13-CV-0988-WSD (N.D. Ga. Oct. 11, 2013) (hereinafter "Kelly"), Petitioner submitted a federal habeas corpus petition challenging the same 2013 Newton County convictions that he challenges in the instant petition. Am. Pet., Kelly, ECF No. 8.[1]  The Court denied the amended petition in Kelly on its merits.  See Op. and Order, Kelly.  Once this Court has denied on its merits a federal habeas corpus challenge to custody pursuant to a state court conviction, it lacks jurisdiction to entertain a subsequent challenge to the same custody and conviction without prior authorization from the Eleventh Circuit Court of Appeals.  See 28 U.S.C. § 2244(b)(3)(A); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009).  Because this petition is a successive attack on Petitioner's 2013 Newton County convictions and Petitioner did not obtain the required authorization to bring another petition, the Court lacks jurisdiction over the current petition.

---

[1] In Kelly, Petitioner initially filed a pre-conviction 28 U.S.C. § 2241 petition challenging pre-trial proceedings in 2008-CR-2176-2. Pet. and Exs., Kelly, ECF No. 1.  Petitioner later stated that he had been convicted based on a guilty plea and amended his § 2241 petition to a post-conviction § 2254 petition seeking a negation of his guilty plea and release from custody based on a violation of his speedy trial rights.  Am. Pet., Kelly, ECF No. 8; Pet'r's Resp. to Mot. to Dismiss at unnumbered page 3, Kelly, ECF No. 10.

## II.     Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

3

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because it is not debatable that this action is successive and that Petitioner lacks authorization to file a successive petition. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the petition for a writ of habeas corpus, (Doc. 1), be **DISMISSED** for lack of jurisdiction.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 17th day of December, 2013.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE