IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REGINALD KELLY,

        Petitioner,

v.

DONALD BARROW,

        Respondent.

1:13-cv-4090-WSD

## OPINION AND ORDER

This matter is before the Court on Petitioner's objections [8] to Magistrate Judge Janet F. King's Final Report and Recommendation [6] ("R&R"), recommending that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.  The Magistrate Judge also recommended that Petitioner should not be granted a certificate of appealability ("COA").

## I.  BACKGROUND

Petitioner Reginald Kelly ("Petitioner") has a lengthy criminal history.[1]  He has been incarcerated in the Georgia Department of Corrections facilities at least

---

[1]     The facts are taken from the R&R and the record.  Petitioner objects to the finding in the R&R that Petitioner has not paid the $5.00 filing fee, which is addressed later in this Order.  The parties have not objected to the remainder of any facts set out in the R&R, and finding no plain error in the Magistrate Judge's

four times.² Petitioner is currently confined at the Washington State Prison in Davisboro, Georgia. In Kelly v. Brown, No. 1:13-cv-0988 (N.D. Ga. Oct. 11, 2013) (hereinafter "Kelly"), Petitioner, then an inmate at the Newton County Jail, proceeding *pro se*, filed a petition for a writ of habeas corpus. Petitioner alleged that he had been confined, without trial, for over four years while awaiting a trial on drug and weapons charges. Petitioner sought to challenge his confinement on the ground that he had been denied a speedy trial. On May 20, 2013, Petitioner pleaded guilty to various drug and weapons charges, and he was sentenced to forty years in prison. Petitioner subsequently filed an amended petition in Kelly to challenge his conviction and sentence, based on an alleged violation of his speedy trial rights.³ The Court denied the amended petition in Kelly on its merits.⁴

---

findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

²   The Court also notes that Petitioner has filed numerous habeas petitions in the Northern District of Georgia. See Kelly v. Brown, No. 1:10-cv-2912, (N.D. Ga. Oct. 8, 2010); see also Kelly v. Koons, 1:10-cv-46-ODE, (N.D. Ga. April 9, 2010); see also Kelly v. Goodrich, 1:10-cv-1532-ODE, (N.D. Ga. Aug. 17, 2010). All of these cases have been dismissed.

³   In Kelly, Petitioner initially filed a pre-conviction 28 U.S.C. § 2241 petition challenging pre-trial proceedings in 2008-cr-2176-2. Petitioner later stated that he had been convicted based on a guilty plea and amended his § 2241 petition to a post-conviction § 2254 petition seeking a withdrawal of his guilty plea and release from custody based on a violation of his right to a speedy trial.

On December 2, 2013, Petitioner filed his petition in this action ("the Petition") in which he challenges the same 2013 Newton County convictions, based on an alleged violation of his speedy trial rights.[5] Petitioner also submitted with the Petition an "Amended Petitioner's Brief," ("Amended Petition") (collectively, "Petitions") in which Petitioner asks the Court to "view his speedy trial petition, and if it finds that his speedy trial rights have been violated . . . that he is released from custody and acquitted of all charges listed in the state's indictment." (See Am Pet's. Br. at 25.)

In the Amended Petition, Petitioner also raises a claim challenging the validity of his sentence and asserts a claim for ineffective assistance of counsel. (See id. at 13, 17.) Petitioner further claims that his plea was involuntary and that he is "entitled to a hearing to determine whether or not his guilty plea was

---

[4]   In its October 11, 2013, Order, the Court found that by pleading guilty, Petitioner waived his rights to a speedy trial. See Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)) ("'[W]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' It has thus been held that a guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process.").

[5]   The Court notes that Petitioner filed this action in the Middle District of Georgia, but on December 11, 2013, it was transferred to the Northern District of Georgia.

3

voluntary even though he had declared in open court that his plea was given voluntarily and knowingly." (See id. at 14.)

On December 17, 2013, Magistrate Judge King issued her R&R recommending that the Court dismiss the Petitions for lack of jurisdiction. Rule 4 of the Rules Governing Section 2254 Cases requires district courts to "promptly examine" a Section 2254 petition and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Magistrate Judge examined the Petition and Amended Petition and concluded that they were successive habeas petitions, which are only entitled to district court review if the petitioner first receives authorization from the Court of Appeals to file a successive petition. The Magistrate Judge recommended dismissing the Petition and the Amended Petition because Petitioner failed to apply for, and receive, authorization from the Eleventh Circuit Court of Appeals to file his successive Section 2254 Petitions. The Magistrate Judge also recommended that the Court not grant a COA to Petitioner.

On December 30, 2013, Petitioner filed his objections [8] to the R&R. Petitioner appears to contest the Magistrate Judge's determination that the Petitions are a successive attack on Petitioner's Newton County convictions.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Even though Petitioner's "objections" to the R&R are doubtfully sufficiently specific, the Court conducts its *de novo* review of the findings and recommendations in the R&R.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).[6]  With respect to those findings and recommendations to which objections have not been asserted, the Court conducts a plain error review of the record.  See Id.

---

[6]   To the extent Petitioner asserts that "the Magistrate could have not read the [P]etition," (Obj. at 2) the Court finds that this is not a cognizable objection to the findings and recommendations of the Magistrate Judge.  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

B.  Analysis

   1.  Objections to the R&R

Petitioner objects to the finding in the R&R that Petitioner has not paid the $5.00 filing fee.  The Court's review of the CM/ECF docket in this case shows that Petitioner did pay the $5.00 filing fee (Receipt number GAM500012833).  Petitioner's objection to the Magistrate Judge's finding that he failed to pay the filing fee is sustained.  The Court concludes, however, that the filing fee discrepancy does not affect the Magistrate Judge's findings regarding subject matter jurisdiction and her recommendation that this action be dismissed.  See Wells v. Crews, No. 3:12-cv-249, 2013 WL 1395887 at *1-2 (N.D. Fla. Mar. 5, 2013) (where petitioner paid the $5.00 filing fee to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 because he did not "[obtain] the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition," "[t]his failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition."); Brown v. Klem, No. Civ.A. 05-376J, 2006 WL 1158454, at *2 (W.D. Pa. Apr. 28, 2006) ("[even] [i]f petitioner pays the filing fee . . . the petition must be dismissed under 28 U.S.C. § 2244(b)(1) because the claim presented here was presented in the prior petition.").

The Magistrate Judge found that the Petitions are successive attacks on Petitioner's 2013 Newton County convictions, and the federal habeas corpus statute bars "second or successive" habeas petitions. 28 U.S.C. § 2244(b)(2). Before filing a "second or successive" federal habeas petition with a district court, the petitioner must receive approval from the appropriate court of appeals. Id. § 2244(b)(3)(A). In most cases, a federal habeas corpus petition raising grounds previously presented will be dismissed as a "second or successive" petition. Slack v. McDaniel, 529 U.S. 473, 486-87 (2000). Any claim that has already been considered must be dismissed, unless (1) the petitioner shows that the claim relies on a new rule of constitutional law, or (2) the factual predicate for the claim was and could not have been discovered previously and the new fact would be sufficient to establish that no reasonable fact finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A-B). If the petitioner files his second application with a district court before filing with the appropriate court of appeals, the district court must dismiss the petition for lack of subject matter jurisdiction. Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) ("We agree with the district court that it lacked subject matter jurisdiction to entertain the [second habeas petition], and that the court was obliged to dismiss it for that reason.").

In his objections, Petitioner makes a conclusory allegation that "the Magistrate's conclusion that his speedy trial issue is successive, cannot stand under the AEDPA standards of a successive petition. This Court cannot accept the Magistrate's Recommendation in this case." (Obj. at 3). Petitioner asserts generally that his Amended Petition is "primarily based upon a 'due process' violation, where the trial court improperly denied him counsel and a hearing on his timely submitted motion to withdraw guilty-plea" and that "in any event, [Petitioner's] [amended] petition cannot proceed forward on the speedy trial issue, if it is not first determined by this Court that his right to 'due process' was violated." (Obj. at 3). He further asserts that "[a]fter careful review and analysis, if it is determined by operation of law, that his right to 'due process' has been violated, [h]e expects the Court would order his state & [sic] sentence to be vacated." (Obj. at 3). Petitioner seems to believe that he should be able to file a new federal habeas petition because he asserts, in his Amended Petition, claims that were not raised in his Petition. Petitioner's reasoning is flawed.

The statutory restriction on second or successive petitions precludes the Court from entertaining habeas claims challenging the convictions and sentence that were before the court in <u>Kelly</u>, unless the Eleventh Circuit first grants Petitioner permission to file a successive habeas petition. Petitioner has not

received approval from the Eleventh Circuit, and he has not "show[n] that [his] claim relies on a new rule of constitutional law, or that the factual predicate [of] [his] claim was, and could not have been discovered previously, and the new fact would be sufficient to establish that no reasonable fact finder would have found [him] guilty of the underlying offense." See 28 U.S.C. § 2244(b)(2)(A-B).  The Court finds, on *de novo* review, that it lacks subject matter jurisdiction to consider the Petitions, and Petitioner's objections on this ground are overruled.  See Jeremiah v. Terry, 322 F. App'x 842 (11th Cir. 2009) (citing Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009)) ("If a state prisoner files a second or successive Section 2254 petition without [authorization of the Court of Appeals], the district court is required to dismiss the petition for lack of jurisdiction 'unless the petitioner has obtained an order authorizing the district court to consider it.'").  The Petitions are required to be dismissed.

    2.    Certificate of Appealability

Petitioner did not object to the Magistrate Judge's recommendation that a COA be denied.  A district court "must issue or deny a Certificate of Appealability when it enters a final order adverse to the appellant."  See R. Governing § 2254 Cases 11(a).  For a certificate to issue, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

9

claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court agrees with the Magistrate Judge that it is not debatable that the Petitions are successive and Petitioner did not obtain authorization to file a successive petition. A COA is denied.[7]

The Court finds, on *de novo* review, that it lacks jurisdiction to consider Petitioner's successive Petitions, and Petitioner's objections to the Magistrate Judge's findings and recommendations on this ground are overruled. The Court further finds no plain error in the unobjected-to findings and recommendations in the R&R.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [6] is **ADOPTED IN PART**. It is **ADOPTED** with respect to the Magistrate Judge's finding that the Court lacks jurisdiction to consider Petitioner's successive Petitions, and Petitioner's objections on this ground are **OVERRULED**. Petitioner's objection on the Magistrate Judge's finding that he did not pay the $5.00 filing fee is **SUSTAINED**.

---

[7] Petitioner cannot appeal the denial of a COA, but he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

10

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 7th day of August, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE